IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY,** : | **CIVIL ACTION NO. 1:15-CV-1485** |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **JOE DARRAH, INC., d/b/a J & K SALVAGE,** : | |
| : | |
| **Defendant** : | |

## ORDER AND DEFAULT JUDGMENT

AND NOW, this 4th day of November, 2015, upon consideration of the motion (Doc. 9) for entry of default judgment filed by plaintiff Norfolk Southern Railway Company ("Norfolk Southern"), and it appearing that the summons and complaint were served on defendant Joe Darrah, Inc., d/b/a J & K Salvage, ("J&K"), by process server on August 3, 2015, (see Doc. 5), but that, as of the date of this order, J&K has not pled or otherwise defended itself in this litigation, see FED. R. CIV. P. 12, nor has counsel entered an appearance on behalf of J&K, a corporation which cannot proceed *pro se* before a federal court, see Lawson v. Nat'l Continental-Progressive Ins. Co., 347 F. App'x 741, 742 (3d Cir. 2009) (per curiam) (nonprecedential) (citing Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993)), and that, upon request (Doc. 7) of Norfolk Southern, the Clerk of Court entered default (Doc. 8) against J&K on September 1, 2015, see FED. R. CIV. P. 55(a), and the court concluding that, taking the facts in the complaint as true, see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), Norfolk Southern's allegations are sufficient to prove that it provided

interstate rail transportation and related services for transportation of freight at J&K's request, that Norfolk Southern has properly invoiced J&K for the freight charges incurred, and that J&K has failed to remit payment for bills due and owing, (see Doc. 1 ¶¶ 5-8, 10), and the court noting that it "may conduct hearings [if] it needs to . . . determine the amount of damages," FED. R. CIV. P. 55(b)(2), but that a hearing is unnecessary when evidence of damages and fees is unopposed and unambiguous, see Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), as here, where Norfolk Southern seeks recovery in the amount of $55,501.00, and supports its damages request with the affidavit (Doc. 10) of Keturah Harris, a Norfolk Southern employee, and the court thus determining that entry of default judgment is appropriate, it is hereby ORDERED that:

1. The motion (Doc. 9) for default judgment is GRANTED.

2. Default judgment is ENTERED in favor of Norfolk Southern Railway Company and against Joe Darrah, Inc., d/b/a J & J Salvage, in the amount of $55,501.00, plus interest.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania